**TOWN OF EAST HAMPTON, Plaintiff,**

v.

**Robert COOPER, Defendant.**

**No. 94–CV–4165.**

United States District Court,
E.D. New York.

Nov. 22, 1994.

do not fall within the ambit of § 20–6 of the Town Code.

Robert Cooper, however, argues that he was indeed acting within the scope of his official duties when he made the statements, and that the Town is violating his First Amendment rights by denying him a legal defense, in retaliation for these statements. Cooper has already sued the Town, seeking an order directing it to provide him with a legal defense and seeking certain monetary damages. That lawsuit, *Cooper v. Town of East Hampton, East Hampton Town Board, Supervisor Stanton Barbour Bullock (a/k/a Tony Bullock) individually and in his official capacity as Town Supervisor, Councilperson Nancy H. McCaffrey individually and in her official capacity as a member of the Town Board, and Councilperson Catherine Lester individually and in her official capacity as a member of the Town Board,* 94–CV–2446, 888 F.Supp. 376 (hereinafter "*Cooper I* "), was commenced on May 18, 1994. Thus, it was filed prior to the current action, 94–CV–4165 (hereinafter "*Cooper II* ").

*Cooper I* and *Cooper II* are both pending before this Court. They encompass identical questions about the rights, duties and legal relations of the Town of East Hampton and Councilman Robert Cooper. In addition, they arise out of the same transaction and occurrence. For that reason, the Town's Motion to Remand *Cooper II,* 94–CV–4165 to State Court is hereby denied, and all proceedings therein are stayed pending the outcome of *Cooper I,* 94–CV–2446, 888 F.Supp. 376.

SO ORDERED.

Vincent R. Fontana, Wilson, Elsner, Moskowitz, Edelman & Dicker, New York City, for plaintiff.

Patricia Weiss, Sag Harbor, NY, for defendant.

## MEMORANDUM AND ORDER

PLATT, Chief Judge.

For the reasons stated herein, Plaintiff's Motion pursuant to 28 U.S.C. § 1447 to remand this case to the Supreme Court of the State of New York, where it began on August 22, 1994, is hereby denied.

Plaintiff seeks a declaratory judgment interpreting § 20–6 of the East Hampton Town Code as to whether it must provide a legal defense for Town Councilman, Robert Cooper. Mr. Cooper is being sued, in the case of *Scott v. Cooper,* by the East Hampton Police Chief for slander and libel stemming from his public statements about the East Hampton Police Department and Police Chief. To date, the Town has not provided Mr. Cooper with a legal defense in this action of March, 1994, because the Town alleges that Mr. Cooper was not acting within the scope of his official duties when he made the statements at issue. Consequently, the Town argues that Mr. Cooper's statements