Gretchen DUMAS, as Guardian ad litem for Nicholas Chaset, and Irene Torres, as Guardian ad litem for Jon Rodriquez, On Behalf of Themselves and All Others Similarly Situated, Plaintiffs,

v.

MAJOR LEAGUE BASEBALL PROPERTIES, INC., Major League Baseball Players Association, NBA Properties Inc., National Football League Players Association d/b/a NFL Players, Inc., and Players Inc., National Hockey League Enterprises, NHL Players Association and The Walt Disney Company, Defendants.

Jon Rodriquez, Irene Torres, and Gretchen Dumas, as Guardian ad litem for Nicolas Chaset, On Behalf of Themselves and all Others Similarly Situated, Plaintiffs,

v.

The Topps Company, Inc., Defendant.

Nos. 98 CV 1772–B(AJB), 98 CV 2121–B (AJB).

United States District Court, S.D. California.

May 14, 1999.

Kevin P. Roddy, Los Angeles, CA, William S. Lerach, San Diego, CA, Alan M. Mansfield, San Diego, CA, Randall J. Baron, San Diego, CA, James Swiderski, San Diego, CA, Melvyn I. Weiss, New York City, Micheal C. Spencer, Milberg Weiss Bershad Hynes & Lerach, New York City, Neil J. Moritt, Alan S. Hock, Moritt, Hock & Hamroff, Garden City, NY, Henry H. Rossbacher, Rossbacher & Associates, Los Angeles, CA, for plaintiffs.

K. Jill Osmars, Michael Duckor, Duckor Spradling & Metzger, San Diego, CA, Bruce S. Meyer, Michael Bresnick, Weil, Gotshal & Manges LLP, New York City, for National Football League Players Association.

Douglas B. Adler, Los Angeles, CA, Mark A. Snyder, Los Angeles, CA, Shep-

ard Goldfein, New York City, Peter S. Julian, Skadden, Arps, Slate, Meagher & Flom, LLP, New York City, for Major League Baseball Properties, Inc., National Football League Properties, Inc, NBA Properties, Inc., and NHL Enterprises, L.P.

Michael Lipman, Coughlan, Semmer & Lipman, LLP, San Diego, CA, Harold F. McGuire, Jr., McGuire, Kehl & Nealon LLP, New York City, Steven A. Fehr, Jolley Walsh Hurley Raisher & Roher, P.C., Kansas City, MO, for Major League Baseball Players Association, defendant.

Edward J. McIntyre, Solomon Ward Seidenwurm & Smith, LLP, San Diego, CA, John McCambridge, Michael P. Conway, Darlene K. Alt, Grippo & Elden, Chicago, IL, for National Hockey League Players Association, defendant.

Linda Dakin–Grimm, Los Angeles, CA, Eric J. Lobenfeld, New York City, Chadbourne & Parke, LLP, for The Walt Disney Company, defendant.

Richard A. Schirtzer, Quinn Emanuel Urguhart Oliver & Hedges, LLP, Los Angeles, CA, of counsel Richard L. Klein, Martin Klotz, Willkie Farr & Gallagher, New York City, for The Topps Company, Inc., defendant.

## ORDER GRANTING MOTIONS TO STAY CASE PURSUANT TO THE FIRST–TO–FILE RULE; DENYING MOTIONS TO TRANSFER PURSUANT TO 28 U.S.C. § 1404(a); DENYING MOTION TO CONSOLIDATE

BREWSTER, Senior District Judge.

### I.  Introduction

This Order encompasses three motions bearing on five different cases. First, the League and Player Licensor Defendants[1] in *Dumas et al. v. Major League Baseball Properties, et al.* (*"Dumas"*), case no. 98 CV 1772–B (AJB), and Defendant The Topps Company, Inc. ("Topps") in *Rodriquez et al. v. The Topps Company* (*"Rodriquez"*), case no. 99 CV 2121–B (AJB), bring motions to dismiss, transfer, or stay their respective cases pursuant to the "first-to-file" rule.[2] Second, all Defendants in *Dumas*[3] and Topps in *Rodriquez* bring motions to transfer venue of, or, in the alternative, to stay, these actions pursuant to 28 U.S.C. § 1404(a). Finally, Plaintiffs bring a Motion to Consolidate the above-referenced cases with *Schwartz v. Upper Deck,* 96 CV 3408–B (AJB), *Torres v. Pacific Trading Cards, Inc.,* 97 CV 1658–B (AJB), and *Dumas v. Pinnacle Brands, Inc.,* 98 CV 1509–B (AJB).

### II.  Background

Plaintiffs have filed cases against various Manufacturers of trading cards and the Licensors of the supporting intellectual property in thirteen separate cases involving four federal judicial districts alleging, primarily, various RICO violations. The various actions are set forth below:

**Summary of Actions**

Plaintiff(s)                                      Defendant(s)

**EASTERN DISTRICT OF NEW YORK**

---

1.  With the exception of the Major League Baseball Players Association.

2.  As these motions contain substantially similar legal contentions, they are considered at the same time.

3.  The Major League Baseball Players Association and the National Hockey League Players Association filed separate briefs, but join the arguments of the other Licensors.

Fishman, Price, Elgort, Laxer (filed July 26, 1996) (dismissed Aug. 12, 1997)     v.     Marvel Entertainment Group

Sullivan (Patricia and Sean), Kuba Schwartz, Fishman (filed July 29, 1996) (dismissed Aug. 12, 1997)     v.     Topps

Laxer (filed Sept. 10, 1996) (dismissed Aug. 13, 1997)     v.     NBA Properties

Laxer (filed Sept. 12, 1996) (dismissed Aug. 13, 1997)     v.     Walt Disney

Laxer (filed Sept. 12, 1996) dismissed Aug. 13, 1997     v.     Major League Baseball Properties

Laxer (filed Sept. 19, 1996) (dismissed Aug. 13, 1997)     v.     National Football League Properties

Laxer (filed Sept. 19, 1996) (dismissed Aug. 13, 1997)     v.     National Hockey League Enterprises

Major League Baseball Properties, NFL Properties, NBA Properties, NHL Enterprises (filed Sept. 22, 1998) (pending)     v.     Price, Elgort, Kuba, Sullivans, Fishman, Torres, Rodriquez, Schwartz

NFL Players, Inc. (filed Sept. 24, 1998) (pending)     v.     Kuba, Schwartz, Torres/Rodriquez

Topps (filed Sept. 29, 1998) (pending)     v.     Price, Elgort, Torres/Rodriquez, Laxer

## SOUTHERN DISTRICT OF CALIFORNIA

Schwartz, Kuba, Laxer, Sullivans (filed July 30, 1996) (pending)     v.     Upper Deck

Torres/Rodriquez, Fishman, Price, Kuba (filed Sept. 19, 1997) (pending)     v.     Pacific Trading Cards

Dumas/Chaset (filed June 5, 1998) (pending)     v.     Pinnacle Brands

Dumas/Chaset, Torres, Rodriquez (filed Sept. 29, 1999) (pending)     v.     Major League Baseball Properties, MLB Players Ass'n, NBA Properties, National Football League Properties, NFL Play-

ers Assoc., National Hockey League Enterprises, NHL Players Ass'n, Walt Disney

Rodriquez, Torres, Dumas/Chaset      v.    Topps
(filed Nov. 19, 1998)
(pending)

## NORTHERN DISTRICT OF TEXAS

Price, Laxer, Fishman, Kuba      v.    Pinnacle
(filed July 31, 1996)
(dismissed April 2, 1997)

## DISTRICT OF NEW JERSEY

Price, Schwartz, Kuba      v.    Score Board
(filed Aug. 1, 1996)

---

The Court is presented with allegations of forum shopping.[4] As noted, this District is but one judicial forum in which various plaintiffs, some acting as overlapping named representatives,[5] have brought suits making similar factual allegations based on similar legal theories. In courts other than this one, the claims of the proposed class representative plaintiffs have met with little success.[6] However, Dumas/Chaset have not played any part in actions outside this District, and the Torres/Rodriquez involvement in the Eastern District of New York is only as defendants. Finally, in contrast to the instant matter, cases in other districts did not assert violations of California law. See Roddy Decl., ¶¶ 2–3. Likewise, Defendants MLB Players Ass'n, NFL Players Ass'n, and NHL Players Ass'n have not been defendants in any other District other than this one.

The facts regarding the parties' Eastern District of New York post-dismissal actions are not subject to serious dispute. The Licensor Defendants allege that complaints was filed in the Southern District of California after the Eastern District of New York already had dismissed with prejudice for lack of standing seven class actions, alleging many of the same issues presented in this complaint, brought by members of the Plaintiff class." See Lics.' Mem. P & A, p. 12. The Licensors make similar allegations with respect to Plaintiffs' pattern of conduct post-decision from the Northern District of Texas. Id. at 13.

4. Defendants make the following representative allegation: "[T]his District has no substantial connection to this case except that this Court is the only court in the nation which has sustained a RICO complaint based on alleged gambling activity in the trading card field, and is therefore plaintiffs' forum of choice." See MLBPA Mem, P & A, p. 2. See, e.g. Fishman v. Marvel Entertainment Group, Inc., 96 Civ. 3757, and Sullivan v. The Topps Co., 96 Civ. 3779, each dismissed with prejudice on August 12, 1997 in the Eastern District of New York. See generally, Goldfein Decl.Exs. P and Q. The Defendant Licensors state: "Once members of the Plaintiff class first realized that they had a favorable forum in the Southern District of California, they filed all subsequent complaints in that district.... [After June 5, 1997, the date of the Schwartz v. Upper Deck ruling], the class members filed three additional complaints. Each of these complaints was filed in the Southern District of California.... It is particularly noteworthy that each of these three

5. For instance, Schwartz, Kuba, Fishman, and Price have acted as plaintiffs in three judicial districts. In contrast, Ms. Dumas' activities have been restricted to the Southern District of California.

6. See Goldfein Decl., Ex. P. Defendants allege that Plaintiffs' counsel has filed seven class actions in New York, all of which were dismissed. See also Goldfein Decl, Ex. Q. See also Lics.' Mem. P & A, p. 1.

Plaintiffs' counsel represented that, should settlement negotiations not be productive, Plaintiffs would file new complaints in the Southern District of California. *See* Goldfein Decl., ¶¶ 20–21 (referencing letter of September 16, 1998 with enclosed draft complaint). *See also* Klein Aff., Ex. 7 (containing copy of Sept. 16, 1998 letter). *See also* Roddy Decl., ¶¶ 5–10 (acknowledging representations but noting that settlement discussions and the settlement demand were prompted by invitation of certain Licensors). The Licensor Defendants state: "To prevent Plaintiffs from engaging in such forum shopping and to request that the New York federal court apply its decisions in the earlier cases to the class as a whole, five of the Defendants filed two actions in the Eastern District of New York seeking declaratory judgments that Plaintiffs have no cognizable cause of action." *See* Lics.' Mem. P & A, p. 1 (referencing actions filed on September 22, 1998 and September 24, 1998).[7] In addition, Topps filed a declaratory relief action in the Eastern District of New York on September 29, 1998, *see* Roddy Decl., ¶ 10, as did the NFL Players Ass'n on September 29, 1998 despite not having been a defendant in any previous complaint filed by class representatives. Plaintiffs assert that these actions were filed either immediately prior to, on the same day, or shortly after global settlement discussions. *Id.* Subsequently, Plaintiffs filed the *Dumas* action in this District on September 29, 1998 and the *Topps* matter on November 19, 1998. The sole claim in the New York declaratory relief actions appears to be that plaintiffs as a class do not have standing to sue.

### III. First–to–File Rule

#### A. Standard of Law

■ Designed to serve the purpose of promoting judicial efficiency, the first-to-file rule "may be invoked 'when a complaint involving the same parties and issues has already been filed in another district.'" *See Alltrade, Inc. v. Uniweld Products, Inc.*, 946 F.2d 622, 625 (9th Cir.

1991) (citing *Pacesetter Systems, Inc. v. Medtronic, Inc.*, 678 F.2d 93, 95 (9th Cir. 1982). *See also Cedars–Sinai Medical Center v. Shalala,* 125 F.3d 765, 769 (9th Cir.1997).

The rule should not be disregarded lightly. *See Church of Scientology v. United States Dep't of the Army,* 611 F.2d 738, 750 (9th Cir.1979). However, "[w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation, does not counsel rigid mechanical solution of such problems." *Kerotest Mfg. Co. v. C–O–Two Fire Equipment Co.,* 342 U.S. 180, 183, 72 S.Ct. 219, 96 L.Ed. 200 (1952); *see also Pacesetter Systems,* 678 F.2d at 95 ("[T]his 'first to file' rule is not a rigid or inflexible rule to be mechanically applied, but rather is to be applied with a view to the dictates of sound judicial administration."). Application of the rule is a discretionary decision for the district court subject to review for abuse of that discretion. *See Alltrade,* 946 F.2d at 625, 628.

■ For the first-to-file rule to apply, the moving party must demonstrate three factors: a chronologically first-filed suit, same parties, and same issues. *Id.* at 625. Even if the first-to-file rule might apply, exceptions exist for circumstances involving bad faith, anticipatory suit, and forum shopping. *Id.* at 628.

#### B. First–to–File Elements

#### 1. Chronology

The parties do not dispute that the immediate actions are the second-filed cases. Even if the Court were to refer back to the initial complaints against the Licensors and Topps, the first-filed actions would be in New York for many of the Defendants.

#### 2. Similar/Identical Parties

#### a. Definition of "Same" Parties

■ Plaintiffs argue that, except in patent cases, the "first-to-file" rule requires

---

7. The Walt Disney Company did not join in the New York declaratory relief actions.

identical parties in the different suits. *See* Pls.' Mem. P & A, p. 10–12. Plaintiffs are incorrect.

*Alltrade* establishes that a court may apply the first-to-file rule "when a complaint involving the same parties ... has already been filed in another district." 946 F.2d at 625 (internal quotation omitted). The question is whether "same" should be interpreted to mean "identical" or merely "similar." At least one district court in this Circuit has found the term to mean only "similar" parties are required. *See Guthy–Renker Fitness, L.L.C. v. Icon Health & Fitness*, 179 F.R.D. 264, 270 (C.D.Cal.1998) (considering the "similarity of the parties"); *see also British Telecomm, PLC v. McDonnell Douglas Corp.*, 1993 WL 149860, at *4, 1993 U.S.Dist. LEXIS 6345, at *13 (N.D.Cal. May 3, 1993) ("Based on the facts of *Alltrade*, the case does not stand for a blanket rule that there must be strict identity of parties for the first-to-file rule to apply.").[8] The Fifth Circuit, in *Save Power Ltd. v. Syntek Fin. Corp.*, 121 F.3d 947, 950 (5th Cir.1997), has gone even further, rejecting the argument that application of the "first-to-file" rule requires either identical parties *or* issues. "The rule does not, however, require that cases be identical. The crucial inquiry is one of 'substantial overlap.'" *Id.* (citing *Mann Mfg., Inc. v. Hortex, Inc.*, 439 F.2d 403, 408 (5th Cir.1971)). This "substantial overlap" rule better forwards the need "to avoid the waste of duplication, to avoid rulings which trench upon the authority of sister courts, and to avoid piecemeal resolution of issues that call for a uniform result." *West Gulf Maritime Ass'n v. ILA Deep Sea Local 24*, 751 F.2d 721, 729 (5th Cir.1985).[9] The policy arguments regarding identity of parties are persuasive. If the first-to-file rule required identical parties, these interests would not be fully

forwarded. This flexibility also comports with case law holding that the first-to-file rule is not to be applied mechanically, rigidly, or inflexibly. *See, e.g., Kerotest*, 342 U.S. at 183, 72 S.Ct. 219; *Pacesetter*, 678 at 95. Moreover, if the first-to-file rule exists in order to avoid the embarrassment of conflicting judgments, *see, e.g. Church of Scientology*, 611 F.2d at 750, requiring a strict identity of parties and issues would undermine that policy.

■ The Court need only refer to the chart, *supra*, to see that there is substantial similarity of parties. Five of the eight Defendants in this district have been defendants in the Eastern District of New York. Topps is a defendant in both locales.

**b. Are non-New York Plaintiffs/New York declaratory relief Defendants barred from maintaining actions based on first-filed actions in New York?**

Defendants argue that "[t]o the extent that Ms. Dumas purchased trading cards during the past four years, she is a member of the defendant class against which the plaintiffs in the New York action seek injunctive and declaratory relief under [F]ed.R.Civ.P. 23(b)(1) and 23(b)(2)." *See, e.g.,* Lics.' Mem. P & A, p. 11; Reply, p. 2. Plaintiffs respond that Defendants seek to create a "defendant class" which is improper and impermissible because it would bar potential class plaintiffs prior to any certification of the class—essentially creating a form of "estoppel by declaratory judgment"—and thus violate constitutional due process rights. *See* Pls.' Mem. P & A, p. 12–13.

These arguments raise complex issues. Due to page limits, the issues are not briefed in any depth by the parties. The

---

**8.** However, *British Telecomm.* did involve identical issues. *Id.* at *3, 9.

**9.** The Court is aware that it is reversible error to apply the first-to-file rule if the parties or issues are not the "same." *See Alltrade*, 946 F.2d at 629 n. 13. However, this tripwire,

while sufficient to breed caution, is of little help in establishing the boundaries of "same." If the purpose of the rule is to promote efficiency, that purpose would be ill-served if "same" were to be equated with "identical."

question presented is the preclusive effect an adverse decision issued by the Eastern District of New York would have on, one, a proposed class representative already engaged in litigation in the Eastern District and, two, a proposed class representative who has had no connection to that other forum but brings similar claims in this District. That would be an interesting question in the context of a certified class action. However, it is made all the more interesting when no class has been certified and, based on this Court's previous rulings, it may be unlikely that any class will ever be certified. Finally, if the first-to-file rule would harm an individual's legitimate claim to damages, can that interest be set aside in the face of what appears to be orchestrated litigation program by a common law firm?

There appears to be no dispute that an adverse decision in the Eastern District of New York would be binding on a named individual litigating in that District. Plaintiffs' argument is with respect to non-named class plaintiffs. Plaintiffs argue that prior to class certification, an adverse ruling cannot be binding on other members of the proposed class. *See In re Diamond Multimedia Sys., Inc. Sec. Litig.*, 1997 WL 773733, 1997 U.S.Dist. LEXIS 21558, at *6 (N.D.Cal. Oct. 15, 1997) ("[A] ruling on [defendants'] motions to dismiss prior to class certification will bind only the named plaintiffs. As a result, in the event of an adverse ruling on the motions to dismiss, members of the putative class will be able to refile identical claims against defendants in this or another Court."). Plaintiffs further raise due process concerns centered on lack of notice. As such, Plaintiffs state, "[any 'de-

fendant class'] cannot be bound by dismissals in cases where they are not certified as class members." Pls.' Mem. P & A, p. 12.[10] While application of the first-to-file rule does not necessarily mean Plaintiffs' case will be dismissed, that result might be predicted based on previous rulings in the Eastern District of New York. Defendants reply that, first, this argument has "no bearing on whether this court should apply the first-filed rule in the first instance," and, second, contend that "[i]t is clear that due process permits binding absentee class members to a judgment with respect to common questions if those absent class members have been adequately represented in the lawsuit," citing *Marcera v. Chinlund*, 595 F.2d 1231, 1240 n. 13 (2d Cir. 1979).

As to their first point, Defendants are incorrect. Not only do Defendants cite no law to support their proposition, but whether or not the result of the declaratory relief judgment in New York will have preclusive effects for plaintiffs filing actions in this District is the difference in whether or not sending the instant action and any companions back to New York will result only in this Court seeing a newly-filed complaint months or weeks later. That would be an exercise in futility. As to the second point, Defendants skim the surface of a complex and unsettled subject, and *Marcera*, is not on point. In *Marcera*, the court had already certified a plaintiff class. *Id.* at 1240.

With that introduction, the Court considers the applicability and potential preclusive effect of the New York declaratory relief action to a putative class or individual named plaintiff prior to certification of

---

**10.** Plaintiffs also point the Court to the following sources: 7A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure: Civil 2d § 1775, at 461 (1986) ("an action to enjoin a class ... would not fall under Rule 23(b)(2)"); 1 Herbert B. Newberg & Alba Conte, Newberg on Class Actions § 4.48, at 4–190 to 191 (3d ed.1992):

> a binding injunction against a defendant class with respect to the common issues is

effective for enforcement purposes by the issuing court only against the named defendants, absent members of defendant class who are within the jurisdiction of the court and over whom the court has obtained personal jurisdiction by proper service of process, and privies of either group wherever they reside.

Plaintiffs did not quote the last phrase of the above sentence, though it may be the determinative issue.

that class. Though responding to a slightly different argument, this Court has already declined to apply collateral estoppel principles to putative class members in a related case. In *Schwartz v. Upper Deck (II)*, 967 F.Supp. at 409, this Court addressed the argument that the Northern District of Texas' decision collaterally estopped plaintiffs from pursuing their action in this District. Putting aside the finding that the Texas dismissal was made subsequent in time to this Court's denial of defendant's motion to dismiss, this Court held that collateral estoppel did not apply for four basic reasons. First, because the class of individuals against Upper Deck might be different from that allied against Pinnacle Brands—"there are certainly people who have purchased cards from one manufacturer without purchasing any from the other manufacturer"—the *Schwartz* class was not a party to the Texas action and could not be barred by collateral estoppel. The Court so held despite its recognition that two of the four plaintiffs in the *Schwartz* action were also plaintiffs in Texas. Further, as a nonparty to the Texas action, the *Schwartz* class could not be collaterally estopped based on a nonparty-in-privity exception. The Court stated: "Defendant has failed to demonstrate, however, that the non-party plaintiffs either controlled the prior action or that the plaintiffs in the prior action were acting as representatives for them." *Id.* at 410. Third, the Court noted that "the defendants are different companies and it has not been demonstrated that Pinnacle's alleged conduct is identical to Upper Deck's." *Id.* Finally, collateral estoppel did not apply because the *Upper Deck* action required an application of anti-lottery statutes from New York and New Jersey, while the Texas action applied Texas law.

Both collateral estoppel and res judicata principles require that different actions have the same parties or parties in privity with each other. *See Durkin v. Shea & Gould*, 92 F.3d 1510, 1516 (9th Cir.1996); *Bittinger v. Tecumseh Products Co.*, 123 F.3d 877, 880 (6th Cir.1997). In the instant matter, where plaintiffs differ between the two forums, the privity element is the key. In this context, the privity requirement may be met when one party has been adequately represented by another in another suit. "We have recognized an exception to the general rule when, in certain limited circumstances, a person, although not a party, has his interests adequately represented by someone with the same interests who is a party." *Hansberry v. Lee*, 311 U.S. 32, 41–42, 61 S.Ct. 115, 85 L.Ed. 22 (1940); *see also Richards v. Jefferson County, Ala.*, 517 U.S. 793, 116 S.Ct. 1761, 1766, 135 L.Ed.2d 76 (1996) (quoting *Martin v. Wilks*, 490 U.S. 755, 762, n. 2, 109 S.Ct. 2180, 104 L.Ed.2d 835 (1989)). Likewise, *Richards* "recognized the 'familiar doctrine ... that members of a class not present as parties to the litigation may be bound by the judgment where they are in fact adequately represented by parties who are present, or ... the relationship between the parties present and those who are absent is such as legally to entitle the former to stand in judgment of the latter.'" *Id.* at 1767 (quoting *Hansberry*, 311 U.S. at 42–43, 61 S.Ct. 115).

In *Richards*, the Alabama Supreme Court applied res judicata principles to bar class action federal claims against a county occupation tax when a lower court previously had dismissed state claims against the tax in another action. Examining the boundaries of the "adequate representation" exception, the Supreme Court held that this bar violated the Due Process Clause because the subsequent parties were not parties to the previous action, as no class had been certified, they did not control the previous litigation, and the previous plaintiff did not purport to represent the second-action plaintiffs. "As a result, there is no reason to suppose that the [previous] court took care to protect the interests of petitions in the manner suggested by *Hansberrry*. Nor is there any reason to suppose that the individual taxpayers in [the first action] understood their suit to be on behalf of absent county taxpayers. Thus, to contend

that the plaintiffs in [the first action] somehow represented petitioners [from the barred second action], let alone represented them in a constitutionally adequate manner, would be 'to attribute to them a power that it cannot be said that they had assumed to exercise.'" *Id.* at 1768 (citation omitted). In sum, the *Richards* Court stated: "Because petitioners and the [first action] litigants are best described as mere 'strangers' to one another, we are unable to conclude that the [first action] plaintiffs provided representation sufficient to make up for the fact that petitioners neither participated in, nor had the opportunity to participate in, the [first] action." *Id.*

■ While the plaintiffs in these actions are not "mere strangers," other similarities exist between the instant matter and *Richards* such that barring non-New York plaintiffs would violate the Due Process Clause. As in *Richards,* Ms. Dumas is not a party to the previously-filed New York declaratory relief actions, no class had been certified, Dumas did not control the previous litigation, and there are no facts to indicate that other plaintiffs in other like-actions purport to represent the second-action plaintiffs. *See also Bittinger, supra,* 123 F.3d at 880 (declining to apply res judicata in second-filed action because class not certified in previous case and both plaintiff and defendant were not parties to the previous action).[11]

Although the plaintiffs in *Dumas* may seek to certify a class, and thus might be construed to be asserting that all plaintiffs have identical interests, no such motion has been made and a similar motion has been denied in *Schwartz.* The plaintiffs' interests may very well differ. Moreover, the Court finds application of *Richards* especially appropriate where plaintiffs' damages may be highly individualized.[12] In sum, the Court does not find that other plaintiffs in other trading card actions provide "adequate representation" to Ms. Dumas and her son.

■ Therefore, because the "adequate representation" element has not been met, the Court applies the general rule that, prior to certification of a class, an individual plaintiff will not be barred by principles of res judicata or collateral estoppel by a dismissal in another action. The Court will not, in essence, transfer a case to another forum only to see it reappear a short I time later. Even if the plaintiff were no longer Ms. Dumas, another individual would have I every right to reinstate this same lawsuit. However, the above-stated rule only applies to Plaintiffs

11. In addition to finding that a new plaintiff could not be barred by principles of res judicata on the basis that no class had been certified, the *Bittinger* court also found that the new plaintiff was not represented by a party in the previous action as the plaintiff did not fit within the categories of "Person Represented by a Party" set forth in the Restatement (Second) of Judgments § 41(1). That section states:

(1) A person who is not a party to an action but who is represented by a party is bound by and entitled to the benefits of a judgment as though he were a party. A person is represented by a party who is:
(a) The trustee of an estate or interest of which the person is a beneficiary; or
(b) Invested by the person with authority to represent him in an action; or
(c) An executory, administrator, guardian, conservator, or similar fiduciary manager of an interest of which the person is a beneficiary; or

(d) An official or agency invested by law with authority to represent the person's interest; or
(e) The representative of a class of persons similarly situated, designated as such with the approval of the court, of which the person is a member.

None of these categories apply in the instant matter to Ms. Dumas.

12. See Newberg, § 4.46 at p. 4–185:

[Even with adequate representation,] [n]otice and opportunity to be heard may sometimes be required in some reasonable form, under certain circumstances, to help assure that adequate representation is present in a class action, and such notice would definitely be required when individual issues among class members are involved, e.g., when members of a plaintiff class must prove their individual damages in order to participate in a class recovery....

in this Court who are not first-filed Defendants in New York. Thus, the Court will not apply the first-to-file rule to Ms. Dumas. However, Ms. Torres and Mr. Rodriguez are declaratory relief-Defendants in actions filed by several of the Licensors and by Topps. Unless exceptional circumstances dictate otherwise, these Defendants are subject to the first-to-file rule.

### 3. Similarity of Issues

■ The "first-to-file" rule requires only sufficient similarity of issues to be applied. *See Excel Music, Inc. v. Simone,* 1996 WL 5708, *5, 1996 U.S. Dist. LEXIS 242, *16 (E.D.La., Jan. 5, 1996) ("In determining whether to dismiss an action, the Court must answer two questions: (1) are the two pending actions so duplicative or involve substantially similar issues that one court should decide the issues; and (2) which of the two courts should resolve the case? The issues need not be identical to allow one court to decide the action, but there must be 'substantial overlap between the two suits.' ").[13] *See also Ward v. Follett Corp.,* 158 F.R.D. 645, 649 (N.D.Cal.1994) ("While Follet's original and amended complaints do not assert identical grounds for Follett's denial of royalty payments, that fact does not destroy the ultimate similarity between the Illinois action and the California action.").

The cases before this Court and other Districts are first and foremost RICO actions. Plaintiffs protest that the actions filed in this District also allege violations of the California Unfair Business Practices Act, Cal. Bus. & Prof.Code § 17200 *et seq.* However, the underlying complained-of conduct is almost identical. The additional California state law allegation is not sufficient to take the case out of the first-to-file rule. *See, e.g. Simone,* at *5, at *16–17: ("The only difference between the suits is the party bringing them and the presence of state claims in Excel's suit. These differences are not enough to eliminate the

concerns about undermining comity between the courts.").

### C. Exceptional Circumstances

■ Notwithstanding an otherwise proper application of the "first-to-file" rule, a court has discretion not to apply the rule if certain equitable circumstances apply. *See Alltrade,* 946 F.2d at 627–28. Such circumstances include bad faith, anticipatory suit, and forum shopping. *Id.* at 629; *see also Ward v. Follett Corp.,* 158 F.R.D. 645, 648 (N.D.Cal.1994).

### 1. Merely Anticipatory

A suit is 'anticipatory' for the purposes of being an exception to the first-to-file rule if the plaintiff in the first-filed action filed suit on receipt of specific, concrete indications that a suit by the defendant was imminent. Such anticipatory suits are disfavored because they are examples of forum shopping. As such, by recognizing this exception to the first-to-file rule, courts seek to eliminate the race to the courthouse door in an attempt to preempt a later suit in another forum. *Guthy–Renker,* 179 F.R.D. 264, 271.

Should a suit be filed in response to an intent to sue letter, courts are more likely to find the first-filed suit to be anticipatory. *Id.; see also Amerada Petroleum Corp. v. Marshall,* 381 F.2d 661, 663 (5th Cir.1967); *Ward,* 158 F.R.D. at 648; *Factors Etc., Inc. v. Pro Arts, Inc.,* 579 F.2d 215, 219 (2d Cir.1978).

This rule has the same force when applied by the court considering a first-filed declaratory relief action.

In declaratory judgment actions such as this one, the Court has the discretion to decline jurisdiction. Pursuant to this discretion, courts have held that declaratory claim should be dismissed if it was filed for the purpose of anticipating a

---

13. *But see In re Burley,* 738 F.2d 981, 988 (9th Cir.1984) ("Generally, where a suit has been properly filed in one court, the filing of an identical suit in a second court does not

deprive the first court of jurisdiction."). However, nothing in *In re Burley* turns on this casual use of the phrase "identical suit."

trial of the same issues in a court of coordinate jurisdiction. The party filing suit in anticipation of a suit in another forum should not be rewarded for what amounts to forum shopping. *See Simone,* 1996 WL 5708, at *6, 1996 U.S Dist. LEXIS 242, *18 (dismissing first-filed declaratory relief suit). *See also Gribin v. Hammer Galleries, Div. of Hammer Holdings, Inc.,* 793 F.Supp. 233, 236 (C.D.Cal.1992).

The Court is not blind to Plaintiffs' search for a receptive judicial district. With similar actions filed in four separate districts, the indicia of such activity is difficult to ignore. However, no matter how much this legal strategy is frowned upon by this Court, the Defendants are equally culpable in their efforts to limit any future legal proceedings to a jurisdiction that has looked favorably upon its legal arguments. The Defendants do not deny having filed their declaratory relief actions preemptively. *See, e.g.,* Lics.' Mem. P & A, p. 11; Reply, p. 5.[14] However, the Licensors note that, except for *Schwartz v. Upper Deck,* cases involving Pacific Trading Cards, Pinnacle Brands, and the Licensors were all filed in this District after the adverse New York and Texas rulings. New York was a forum initially chosen by Plaintiffs, not Defendants. Thus, the Defendants' declaratory relief actions are hardly the type of preemptive strike which may be of concern in other first-filed cases when such a declaratory relief action has the effect of denying plaintiffs their choice of forum. *See, e.g., Lewis v. National Football League,* 813 F.Supp. 1, 5 (D.D.C.1992); *see also Gribin,* 793 F.Supp. at 234–36. *See also Quickturn Design Sys., Inc. v. Meta Sys.,* 1996 WL 671230, at *7 (N.D.Cal., Oct.31, 1996) (declining to make an exception to the first-to-file rule when both parties engaged in forum shopping). Based on the equal efforts at forum-shopping in this case, the Court does not believe it should base an exception to the first-to-file rule on that activity.

**2. Balance of Convenience**

"A court may ... relax the first-to-file rule 'if the balance of convenience weighs in favor of the later-filed action.'" *Guthy–Renker, supra,* 179 F.R.D. at 272 (quoting *Ward, supra,* 158 F.R.D. at 648).

New York is a more convenient forum for most of the Licensors. Most of the Licensors have their principal place of business there; another has its principal place of business in Washington D.C., while one Licensor is headquarted in Toronto, Canada. Topps is a New York corporation. Additionally, Ms. Torres and Mr. Rodriguez reside in Long Island, New York. Their previously-filed actions in New York demonstrate that New York is a convenient forum. As New York is the more convenient forum for some plaintiffs, the Court declines to make an exception to the first-to-file rule on this basis.

**3. Merits of Legal Claims in New York Declaratory Actions**

Plaintiffs make a number of arguments going to whether the relief that the Defendants seek in their New York actions is legally available to them. While interesting as a matter of law, the Court believes that these legal issues are best considered by the Eastern District of New York.

Upon review and application of the first-to-file rule, the Court believes the first-to-file rule should be applied in this case. However, as noted, application of the rule with respect to Ms. Dumas would only serve to force her to refile her exact same claim at a later date. As Ms. Dumas is a California resident, her choice of a forum in California should not be upset merely because the Defendants believe litigation would be more convenient in a judicial district close to their places of business. The trading cards at issue are marketed nationwide. Under long-standing principles of due process, it is hardly unreasonably for Defendants to defend a suit per-

---

**14.** Topps, however, notes that there was no imminent plaintiff threat regarding Topps.

*See* Reply, p. 8.

taining to products in a district in which they know their products are being sold. While a plaintiff's choice of forum may be given less weight when he or she purports to represent a class, see *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir.1987) ("[W]hen an individual brings a derivative suit or represents a class, the named plaintiff's choice of forum is given less weight."); *Williams v. Sears Roebuck & Co.*, 1998 WL 61307 (N.D.Cal.1998) (same), a large number of the consumers of Defendants' products are likely California residents. Likewise, the Court can surmise that many possible non-party witnesses—such as retailers and wholesalers—reside in California. Thus, the operative events underpinning Plaintiff's claims occurred in California. Consequentially, California has an interest in litigation which affects its citizens. Moreover, at least two of the Defendants in these cases—Disney and Upper Deck—are California corporations. The Court declines to transfer the case to the Eastern District of New York. Still, it may be perfectly proper to dismiss Ms. Torres and Mr. Rodriguez as Plaintiffs in this case. These individuals will have an opportunity to contest the legal basis Defendants' declaratory relief actions in the Eastern District of New York. Should they prevail, this Court will entertain their allegations. Should Defendants prevail, they will be dismissed.[15]

In conclusion, case nos. 98 CV 1772 and 98 CV 2121 will be stayed until the pending litigation in the Eastern District of New York is resolved. The parties shall notify this Court at the earliest opportunity as to any change in the status of the New York action. *See National Equip. Rental, Ltd. v. Fowler*, 287 F.2d 43, 45 (2d Cir.1961) ("Sound judicial discretion dictates that the second court decline its consideration of the action before it until the prior action before the first court is terminated."); *Town of East Hampton v. Cooper*, 888 F.Supp. 374, 375 (E.D.N.Y.1994) (staying second-filed action where two

cases involve "identical questions about ... rights, duties and legal relations [and] ... arise out of the same transaction and occurrence."). Should Defendants prevail in their declaratory relief actions, this District will be the only one in the country considering these actions. The preservation of judicial economy and the interests and rights of the litigants are best preserved if the matters pending in this District are stayed pending action in the Eastern District of New York. *See, e.g., Alltrade*, 946 F.2d at 623 ("In such cases, where the first-filed action presents a likelihood of dismissal, the second-filed suit should be stayed, rather than dismissed.").

Based on this holding, the motions to transfer pursuant to 28 U.S.C. § 1404(a) are DENIED as moot.

## IV. Motion to Consolidate

Pursuant to Fed.R.Civ.P. 42(a), Plaintiffs request that these actions—*Dumas* and *Torres*—be consolidated with *Schwartz v. Upper Deck*, 96 CV 3408–B (AJB), *Torres v. Pacific Trading Cards, Inc.*, 97 CV 1658–B (AJB), and *Dumas v. Pinnacle Brands, Inc.*, 98 CV 1509–B (AJB).

The Court DENIES the motion. First, after staying *Dumas v. Major League Baseball Properties, Inc. et al.* and *Torres v. Topps*, consolidation of those cases would be improper. Second, as Pinnacle Brands has filed for bankruptcy, any action in that case is automatically stayed. *See* 11 U.S.C. § 362(a)(1). Third, Plaintiffs appear to have failed to serve counsel for Pacific Trading Cards with their motion to consolidate. The Court has received no opposition from Pacific. Based on this failure of service, consolidation with regard to Pacific would be a violation of due process.

Once the stays in *Dumas v. Major League Baseball Properties et al.* and *Tor-*

---

**15.** The Court is not unaware of the effect that loss of the only named class representatives from New York may have on Plaintiffs' sub-

stantive allegations. The parties will be expected to address that issue should Defendants prevail in New York.

**1196**

*res v. Topps* are lifted, the Court will consider Plaintiffs' motion *sua sponte.*

### V. Conclusion

Based on review of the pleadings, the Court GRANTS Defendants' Motions made pursuant to the First–to–File Rule and STAYS *Dumas et al. v. Major League Baseball et al.,* 98 CV 1772–B (AJB), and *Rodriguez et al. v. The Topps Co.,* 98 CV 2121–B (AJB). The Court DENIES Defendants' Motion to Transfer pursuant to 28 U.S.C. § 1404(a), and DENIES the Motion to Consolidate.

IT IS SO ORDERED.