Marty SCHWARTZ, et al., On Behalf of Themselves and All Others Similarly Situated, Plaintiffs,

v.

The UPPER DECK COMPANY, Defendant.

No. 96 CV 3408–B (AJB).

United States District Court, S.D. California.

June 21, 2000.

Alan McQvarie Mansfield, San Diego, CA, Henry H. Rossbacher, Los Angeles, CA, Elizabeth J. Arlco, San Diego, CA, for plaintiff.

Kent B. Goss, Los Angeles, CA, Jon L. Edwards, San Francisco, CA, for defendant.

ORDER: (1) VACATING PREVIOUS ORDERS OF JUNE 5, 1997, PUBLISHED AT 967 F.Supp. 405 and MARCH 11, 1997, PUBLISHED AT 956 F.Supp. 1552 NUNC PRO TUNC; (2) DISMISSING RICO CLAIM WITHOUT LEAVE TO AMEND; and (3) DISMISSING ALL STATE LAW CLAIMS WITH LEAVE TO AMEND

BREWSTER, Senior District Judge.

## INTRODUCTION

Plaintiffs herein, alleged residents of New York and New Jersey, claim to be

purchasers, or the guardian ad litem of purchasers, of trading cards. Plaintiffs allege that they purchased trading cards in the hope of winning "chase"[1] cards, redeemable in bonus cash prizes. Defendant is an alleged resident of California. On April 18, 2000, this Court ordered Plaintiffs to show cause as to why the claim brought under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961–1968, should not be dismissed for lack of standing under § 1964(c) of RICO. The hearing for this Court's Order to Show Cause ("OSC") was held on June 7, 2000 with counsel for all parties present.

The Court re-reviewed all pleadings, motions, and briefs heretofore filed as well as all briefs filed in response to the OSC. All parties appeared by counsel. The Court, having heard oral argument by counsel and being fully advised in the premises, now therefore issues the following ORDER:

(1) The prior order denying Defendant's Fed.R.Civ.P. 12(b)(6) motion to dismiss is hereby vacated *nunc pro tunc;*

(2) The RICO claim is dismissed pursuant to Fed.R.Civ.P. 12(c) without leave to amend on the ground that Plaintiffs' lack standing as required by § 1964(c) of RICO; and

(3) All state law claims are dismissed with leave to amend. If no proper amendment is filed within 30 days of the date of the filing of this Order, the state law claims shall be dismissed without prejudice pursuant to 28 U.S.C. § 1367.

### DISCUSSION

**A. Standing Requirement under 18 U.S.C. § 1964(c)**

Pursuant to this Court's April 18, 2000 Order to Show Cause, the issue before this Court is whether Plaintiffs have met the requirement of 18 U.S.C. § 1964(c) in order to have standing to bring a lawsuit against Defendant for its alleged gambling activity. Standing under 18 U.S.C. § 1964(c) requires an ability to state a claim for harm to a person's "business or property" resulting from conduct violative of 18 U.S.C. § 1962.

**1. Section 1964(c)**

Section 1964(c) provides in pertinent part: "Any person *injured in his business or property* by reason of a violation of section 1962 of this chapter may sue therefore in any appropriate United States district court and shall recover threefold the damages he sustains and the cost of the suit, including a reasonable attorney's fee ...." 18 U.S.C. § 1964(c) (emphasis added). Federal courts have established that RICO was "intended to combat organized crime, not to provide a federal cause of action and treble damages to every tort plaintiff." *Oscar v. University Students Co-operative Assn.,* 965 F.2d at 783, 786 (9th Cir.1992). Although this additional requirement of a showing of "business or property" injury is not imposed upon governmental entities, it is required in order for a *private party* to have standing to recover under RICO.

**2. "Injury" to Business or Property under 18 U.S.C. § 1964(c)**

In their reply papers, Plaintiffs set forth several arguments which skirt the immediate issue before this Court of whether there has been a showing of injury to their "business or property" sufficient to meet the standing requirements of § 1964(c).[2]

Plaintiffs appear to equate the issue of whether they have set forth a proper showing of a pattern of racketeering activity under § 1962 with whether they have satisfied the requirements of standing under § 1964(c). Plaintiffs also discuss at length the issue of "causation," a separate

---

1. Plaintiffs refer to the cards as "chase cards" because collectors allegedly "chase" these limited edition trading cards which may be worth hundreds or thousands of dollars.

2. For example, Plaintiffs rely on this Court's prior erroneous findings to argue that the § 1964(c) standing requirements have been met. *See* Pls.' Reply to OSC at 8–12.

issue under § 1964(c) that is premature to the analysis before this Court.

When Plaintiffs do narrow in on the § 1964(c) "injury" issue, their arguments are not persuasive. Plaintiffs begin by essentially claiming that the allegation of unlawful gambling, without more, is sufficient to demonstrate standing under § 1964(c). For example, Plaintiffs contend that "a person's property interest in the money spent to gamble is in no way diminished because he or she may have received 'something of value' for the opportunity to play." *See* Pls.' Reply to OSC at 10:7–9. Plaintiffs cite to cases which support Plaintiffs' allegation that Defendant's conduct constituted illegal gambling or lottery. *See inter alia People ex rel. Ellison v. Lavin*, 179 N.Y. 164, 168–74, 71 N.E. 753 (1904). These cases, however, are otherwise inapposite since they do not discuss whether the conduct of illegal gambling *per se* automatically confers a showing of injury for purposes of § 1964(c).

Plaintiffs appear to argue that, by the mere fact that there is a property interest involved (the consideration tendered in exchange for a pack of trading cards), such consideration constitutes an economic loss sufficient to constitute a § 1964(c) injury to one's "business or property." This is a circular contention, however, one which seems to overlook the precise issue facing this Court: *Have Plaintiffs suffered an economic injury or loss; or have they in fact received the benefit of their bargain— the pack of cards and a chance to win?*

In trying to devise a § 1964(c) standing argument, Plaintiffs appear to equate property *interest* (i.e. the consideration tendered during a gambling act) with property *injury* (i.e. a lost opportunity to win as would be the case, for example, with a "rigged" or fraudulent gambling mechanism). For example, Plaintiffs argue that because they "have more than adequately alleged a property interest under RICO based upon traditional common

law," this interest is sufficient to satisfy the § 1964(c) requirement. *See* Pls.' Reply to OSC at 9:9–13 (citing *Beck v. Prupis*, —— U.S. ——, 120 S.Ct. 1608, 1618 (2000)).

Plaintiffs further erroneously equate their alleged common law state cause of action with a showing of "injury" under RICO's statutory framework. Plaintiffs argue that since they state a cause of action under state common law to recover gambling losses because of the illegality of Defendant's gambling conduct, this common law remedy is sufficient in and of itself to show injury, and thus standing, under the federal RICO framework.

■ The Court agrees that the consideration tendered by Plaintiffs constitutes a property "interest" as defined under state law.[3] However, for a private cause of action, RICO requires a showing of an "injury" to one's business or property as defined by the RICO statute. While Plaintiffs may in fact possess a common law right of redress, this fact, without more, is not helpful to Plaintiffs' case. The right to redress that Plaintiffs may enjoy under California state law to sue individually for their gambling losses does not equate with the standing requirement of § 1964(c).

■ Moreover, although this Court agrees that Plaintiffs have stated a cause of action for illegal gambling by Defendant, the act of gambling *per se* is not sufficient to show an injury to one's business or property under RICO. To confer standing under § 1964(c), Plaintiffs must show that they have suffered an economic harm to business or personal property that would constitute the sort of injury contemplated under § 1964(c) as, for example, in the case of a fraudulent gambling scheme.

■ Here, Plaintiffs allege no fraud or dishonesty with respect to Defendant's gambling activity. Plaintiffs struck a bar-

---

**3.** Plaintiffs argue that "under RICO, 'whether a particular interest amounts to property is quintessentially a question of state law.'"

*See* Pls.' Reply to OSC at 8:7–9 (citing *Doe v. Roe*, 958 F.2d 763, 768 (7th Cir.1992)).

gain with Defendant and received the benefit of their bargain. They paid for a pack of cards which included a *bona fide* "chance to win." *See Allard v. Flamingo Hilton (In re Chomakos)*, 69 F.3d 769, 770 (6th Cir.1995). Plaintiffs knew when they made their purchase that they might not draw a "chase card" and that the most they might receive would be a pack of non-chase trading cards.

There is no allegation that Defendant has engaged in any sort of fraudulent or dishonest conduct such as misrepresenting to purchasers the odds of winning a chase card. Significantly, Plaintiffs concede that in this case they would not claim any injury to their business or property if Defendant's alleged gambling activity were legal under state law. Plaintiffs' reliance on *Sedima, S.P.R.L v. Imrex Co., Inc.*, 473 U.S. 479, 496, 105 S.Ct. 3275, 87 L.Ed.2d 346 (1985), is misplaced. In *Sedima*, the plaintiff was defrauded out of proceeds of a joint venture with Imrex because of fraudulent billings for electronic components charged by Imrex. Clearly, Sedima suffered injury to its business, unlike the instant case which contains no allegation of fraud or dishonesty by Defendant.

Plaintiffs' last argument involves the "verboten" nature of gambling activity. State law may proscribe gambling irrespective of whether or not it causes injury to business or property of persons within the meaning of § 1964(c) (i.e. that elements of fraud are present). A state may base its gambling prohibition on public policy grounds, which may include religious, cultural, or moral considerations. However, notwithstanding a state's condemnation of such racketeering activity for policy reasons, the Court must look to a different test. Section 1964(c) gives standing to private persons not because of the objectionable nature of the racketeering conduct, but because a person's business or property is injured by the activity. Since Plaintiffs have not alleged such injury, the Court dismisses the RICO cause of action from each of the pending cases. Moreover, the Court takes into consideration the fact that Plaintiffs have had the opportunity to amend their complaint for many months, including the past several weeks during which they have been on notice of this procedural defect. They have failed to allege even a scintilla of fraudulent conduct by Defendant. Therefore, the Court dismisses the RICO claim without leave to amend. *See Price v. Pinnacle Brands, Inc.*, 138 F.3d 602 (5th Cir. 1998).

### 3. § 1962 RICO Claim

Having determined that Plaintiffs lack standing under § 1964(c), the Court need not, and therefore does not, analyze further the elements required by § 1962. *See Id.*

### B. Jurisdiction over State Law Pending Claims

The Court, having dismissed Plaintiffs' RICO cause of action, lacks federal subject matter jurisdiction over these cases under 28 U.S.C. § 1331. However, the citizenship of the parties, as alleged in the complaint, may allow this Court to retain the UCL claims under 28 U.S.C. § 1332. If diversity jurisdiction were properly pled by Plaintiffs, the pendent state claims under 28 U.S.C. § 1367 would become diversity claims. This Court, therefore, dismisses the state law claims herewith with leave to amend. Plaintiffs shall have 30 days from the filing of this Order to amend the complaint. Upon expiration of the 30 days without proper amendment, these claims shall be dismissed without prejudice pursuant to 28 U.S.C. § 1367 and the Clerk shall close the file.

### CONCLUSION

Having re-reviewed the pleadings and memoranda heretofore filed, the papers in response to the Court's OSC, having heard oral presentations by the parties on June 7, 2000, and being fully advised in the premises, NOW THEREFORE,

IT IS HEREBY ORDERED:

(1) The prior order denying Defendant's Fed.R.Civ.P. 12(b)(6) motion to dismiss is hereby vacated *nunc pro tunc;*

(2) The RICO claim is dismissed pursuant to Fed.R.Civ.P. 12(c) without leave to amend on the ground that Plaintiffs' lack standing as required by § 1964(c) of RICO; and

(3) All state law claims are dismissed with leave to amend. If no proper amendment is filed within 30 days of the date of the filing of this Order, the state law claims shall be dismissed without prejudice pursuant to 28 U.S.C. § 1367.

IT IS SO ORDERED.