Nicholas CHASET; Gretchen Dumas, as Guardian ad litem for, Plaintiffs–Appellants,

v.

FLEER/SKYBOX INTERNATIONAL, LP, Defendant–Appellee.

Nicholas Chaset; Gretchen Dumas, as Guardian ad litem for, Plaintiffs–Appellants,

v.

Upper Deck Company; Vintage Sports Cards, Inc.; Treat Entertainment, Inc., Defendants–Appellees.

Nicholas Chaset; Jon Rodriquez, on behalf of themselves and all others similarly situated; Gretchen Dumas, as Guardian ad litem for; Irene Torres, on behalf of themselves and all others similarly situated, Plaintiffs–Appellants,

v.

Topps Company, Inc., Defendant–Appellee.

Nicholas Chaset; Gretchen Dumas, as Guardian ad litem for, Plaintiffs–Appellants,

v.

Playoff Corporation, Defendant–Appellee.

Nicholas Chaset; Gretchen Dumas, as Guardian ad litem for, Plaintiffs–Appellants,

v.

Racing Champions Corporation, Defendant–Appellee.

Nicholas Chaset; Irene Torres, Guardian ad litem; Gretchen Dumas, as Guardian ad litem for; Jon Rodriguez, a minor, by and through his guardian ad litem, Plaintiffs–Appellants,

v.

Major League Baseball Players Association; Major League Baseball Properties, Inc.; NBA Properties, Inc.; NFL Properties, Inc.; National Football League Players Association, dba NFL Players, Inc.; Players, Inc.; National Hockey League Enterprises; NHL Players Association; Walt Disney Company, Defendants–Appellees.

Irene Torres, as Guardian ad litem for John Rodriguez; Jeffrey Fishman, on behalf of themselves and all others similarly situated; Steven Price, on behalf of themselves and all others similarly situated; Lance Kuba, on behalf of themselves and all others similarly situated, Plaintiffs–Appellants,

v.

Pacific Trading Cards, Inc., Defendant–Appellee.

Andrew Imber, a minor; Alex Silverman, a minor; Anthony Treviranus, a minor; Kathleen Paige Treviranus, a minor; Kelly Treviranus, as guardian ad litem for Anthony Treviranus, Plaintiffs,

and

Gabriel Laus; Marci Imber, as guardian ad litem for Andrew Imber; Janet Silverman, as guardian ad litem for Alex Silverman; Gabriela LAUS, as guardian ad litem for Gabriel Laus; Peter Walzer, as guardian ad litem for Graham Walzer; Steven Spiegler, as guardian ad litem for Matthew Spiegler, Plaintiffs–Appellants,

v.

Nintendo Of America, Inc.; Wizards Of The Coast, Inc.; 4Kids Entertainment, Inc., Defendants–Appellees.

D.C. No. CV–99–02010–RMB

Nos. 00–56251, 00–56256, 00–56263, 00–56253, 00–56260, 00–56266, 00–56255, 00–56261.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 5, 2001.

Filed Aug. 20, 2002.

Eric Isaacson, Milberg Weiss Bershad Hynes & Lerach, San Diego, CA; Henry Rossbacher, Rossbacher & Associates, Los Angeles, CA, for the plaintiffs-appellants.

Shepard Goldfein and Douglas B. Alder, Skadden, Arps, Slate, Meagher & Flom, New York, NY; Martin Fineman, Davis, Wright, Tremaine, San Francisco, CA; Michael L. Lipman, Coughlan, Semmer & Lipman, Michael Dukor, Dukor, Spradling & Metzer, Edward J. McIntyre, Solomon, Ward, Seidenwurm & Smith, San Diego, CA; Eric J. Lobenfeld; Chadbourne & Parke, New York, NY; Meryl Young, Gibson, Dunn & Crutcher, Irvine, CA; Kent B. Gross and Valerie M. Goo, Pillsbury Winthrop, Richard A. Schirtzer, Quinn, Emmanuel, Urquhart, Oliver & Hedges, Los Angeles, CA; Kenneth M. Fitzgerald, Latham & Watkins, Terry Ross, Gray, Cary, Ware & Freidenrich, San Diego, CA; Michael J. Baker, Howard, Rice, Nemerovski, Canady, Falk & Rabkin, Grace K. Won, Farela, Braun & Martel, San Francisco, CA, for the defendants-appellees.

Before LEAVY, T.G. NELSON, and W. FLETCHER, Circuit Judges.

## OPINION

LEAVY, Senior Circuit Judge.

In these eight consolidated cases, purchasers of trading cards (appeal the district court's dismissals of their actions brought under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961–1968 ("RICO")). The district court held that the purchasers did not have standing because they were not injured in their business or property as required by RICO's § 1964(c). We have jurisdiction over this timely appeal under 28 U.S.C. § 1291 and, after de novo review, we affirm.

## FACTS AND PRIOR PROCEEDINGS

These are consolidated appeals from the dismissals of eight virtually identical actions brought by sports and entertainment trading card purchasers. The defendants-appellees are manufacturers and distributors of trading cards and licensors of the

intellectual property depicted on these cards. In each of these actions, the purchasers alleged that the random inclusion of limited edition cards in packages of otherwise randomly assorted sports and entertainment trading cards constituted unlawful gambling in violation of RICO.

The foundation of most trading card products is a base set of cards, which may include as many as eighty different cards, each with a different picture on it. Beginning in the early 1990's most trading card products also included smaller sets of "insert" or "chase" cards, which may include as many as ten or fifteen different cards, or as few as one card. These insert cards are more rare than base cards and, thus, they generally are more desirable to card collectors. Trading card packs and display boxes typically state the odds of receiving in a given pack an insert card from any of the various insert sets. Almost every card manufacturer also includes a disclaimer which states that the advertised odds are an average for the entire production run and are not guaranteed within an individual pack or box.[1] There is a secondary market for trading cards, active at trading card conventions, trading card stores, and on the Internet, which places higher values on some cards than others.

In these actions, the plaintiffs asserted that the marketing and distribution of trading cards constituted gambling, a RICO violation, because the essential elements of gambling—price, chance, and prize—were all present. That is, the purchasers paid at least a portion of the purchase price for the chance to win an insert card. They sought compensatory and treble damages.

The defendants moved to dismiss for failure to state a claim based, in part, on the ground that the plaintiffs lacked standing because they had not suffered an injury cognizable under RICO. The district court ultimately granted the motions to dismiss without leave to amend, and entered judgment for defendants, holding that there was no injury because plaintiffs "struck a bargain with Defendants and received the benefit of their bargain." *Dumas v. Major League Baseball Props., Inc.*, 104 F.Supp.2d 1220, 1223 (S.D.Cal. 2000); *see also Rodriguez v. Topps Co.*, 104 F.Supp.2d 1224, 1227(S.D.Cal.2000); *Schwartz v. Upper Deck Co.*, 104 F.Supp.2d 1228, 1230–31 (S.D.Cal.2000).

Judgments were entered dismissing the RICO claims without leave to amend and dismissing the supplemental state law claims without prejudice pursuant to 28 U.S.C. § 1367(c). The plaintiffs timely appealed.

## ANALYSIS

 To prevail on a civil RICO claim, a plaintiff must prove that the defendant engaged in (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity and, additionally, must establish that (5) the defendant caused injury to plaintiff's business or property. 18 U.S.C. §§ 1962(c), 1964(c). The "fifth element includes two related components. First, a civil RICO plaintiff must show that his injury was proximately caused by the [prohibited] conduct. Second, the plaintiff must show that he has suffered a concrete financial loss." *Fireman's Fund Ins. Co. v. Stites*, 258 F.3d 1016, 1021 (9th Cir.2001) (citation omitted). To demonstrate injury

---

**1.** One of the actions, No. 00–56266, was brought against the manufacturer, licensor and distributor of Pokemon trading cards. These defendants-appellees assert that Pokemon trading cards are different from the other trading cards at issue because Pokemon cards are used in a card game. According to appellees, purchasers of Pokemon cards buy Pokemon cards both for the chance to obtain the more valuable cards and to play the game.

for RICO purposes, plaintiffs must show proof of concrete financial loss, and not mere injury to a valuable intangible property interest. *See Oscar v. University Students Coop. Ass'n,* 965 F.2d 783, 785 (9th Cir.1992) (en banc). Congress enacted RICO "to combat organized crime, not to provide a federal cause of action and treble damages" for personal injuries. *Id.* at 786.

■ Therefore, "a RICO plaintiff' only has standing if, and can only recover to the extent that, he has been injured in his business or property by [reason of] the conduct constituting the violation.'" *Holmes v. Securities Investor Prot. Corp.,* 503 U.S. 258, 279, 112 S.Ct. 1311, 117 L.Ed.2d 532 (1992) (O'Connor, J., concurring) (alteration in original) (quoting *Sedima, S.P.R.L. v. Imrex Co.,* 473 U.S. 479, 496, 105 S.Ct. 3275, 87 L.Ed.2d 346 (1985)). Moreover, the defendant's violation of § 1962 must be the proximate cause of plaintiff's injury. *Id.* at 265–68, 112 S.Ct. 1311.

The issue of RICO injury in the context of trading card purchases is one of first impression in this circuit. On facts virtually identical to those presented in these appeals, the Fifth Circuit has held that the plaintiffs did not suffer an injury cognizable under RICO:

> Our review of the record and the relevant law convinces us that Pinnacle has the prevailing argument. We agree with the district court that "[p]laintiffs do not allege that they received something different than precisely what they bargained for: six to twenty cards in a pack with a chance that one of those cards may be of Ken Griffey, Jr." Injury to mere expectancy interests or to an "intangible property interest" is not sufficient to confer RICO standing.

*Price v. Pinnacle Brands, Inc.* 138 F.3d 602, 607(5th Cir.1998) (per curiam).

A similar result was reached in *Major League Baseball Props., Inc. v. Price,* 105 F.Supp.2d 46 (E.D.N.Y.2000), where the United States District Court for the Eastern District of New York determined that:

> A card purchaser buying a pack of cards enters into a bargain with the licensors and manufacturers whereby in return for payment the purchaser will receive a random assortment of regular cards and a chance to receive an insert card. This bargain delivers actual value to each party because the chance itself is of value regardless of whether or not the card purchaser later suffers a "loss." The bargain is not for a phantom chance. Just as a card purchaser may realize a gambling loss, so a card purchaser may also find an insert card and sell it or keep it for value. The chance is real, and having paid for it and received it, the card purchaser has not suffered any financial loss or RICO property injury.

*Id.* at 51 (citation omitted).

■ We agree with those courts, with the district court, and with all other courts that have considered this issue. Purchasers of trading cards do not suffer an injury cognizable under RICO when they do not receive an insert card. At the time the plaintiffs purchased the package of cards, which is the time the value of the package should be determined, they received value—eight or ten cards, one of which might be an insert card—for what they paid as a purchase price. Their disappointment upon not finding an insert card in the package is not an injury to property. They, therefore, lack standing to sue under RICO.

■ The plaintiffs argue in the alternative that the district court abused its discretion when it denied them leave to amend their complaint. The basic underlying facts have been alleged by plaintiffs

and have been analyzed by the district court and us. We conclude that the plaintiffs cannot cure the basic flaw in their pleading. Because any amendment would be futile, there is no need to prolong the litigation by permitting further amendment. *See Lipton v. Pathogenesis Corp.,* 284 F.3d 1027, 1038 (9th Cir.2002).

## CONCLUSION

The district court's judgments dismissing these eight actions without leave to amend are AFFIRMED.